had not then been published, extends it another year. The conspiracy, if there were one, would probably be formed before the false petition was filed in the court of claims in 1869, and must have been formed before May 18, 1874, when that court gave the judgment which it was the object of the conspiracy to procure. However this fact may be, the allegation of the date of the conspiracy involves the indictment in contradictions which, if they are errors, must be corrected by evidence, and none is offered. The indictment itself must stand or fall by its own dates; and if they are repugnant or insensible the pleading is fatally defective. Com. v. Hitchings, 5 Gray, 482; U. S. v. Fox [Case No. 15,156]. So where it is produced as evidence it must be consistent and sensible, or it fails to prove guilt. Upon fresh evidence the government can apply again, as they have already applied twice, for an order for bail or committal. The evidence for the defence, though I consider it admissible, has not affected my decision.

I hold that Mr. Hallett was well warranted in discharging the defendant if the evidence before him was a copy of the indictment, as I suppose it was. The indictment charges the defendant with the impossible crime of conspiring in June to procure a false judgment to be entered in the preceding May, and to have done acts in October to aid a conspiracy which was formed in the following June. It is therefore worthless as evidence of a conspiracy, just as an affidavit would be which contained such inconsistencies. Whether, if these were proved to be clerical errors, it would be my duty to send the defendant to be tried in another district I do not intend to decide. It might possibly be so if it were shown that a fresh indictment might be found upon the evidence before me.

Defendant discharged.

## Case No. 16,070.

UNITED STATES v. PORTE.

[1 Cranch, C. C. 369.] [1]

Circuit Court, District of Columbia. Dec. Term, 1806.

PUBLIC STATUTES—BANK CHARTERS—LARCENY OF BANK NOTES—INDICTMENT.

1. If a statute makes it felony to steal the notes of any particular incorporated bank, the statute, by which that bank was incorporated, thereby becomes a public statute.

2. An indictment upon the Maryland act of 1793 (chapter 35), making it felony to steal the notes of any bank established by a charter from the government of the United States, or of some individual state of the United States, must state of what bank the notes were, and whether incorporated by the United States or by an individual state. It is not sufficient to make the averment in the terms of the act.

[1] [Reported by Hon. William Cranch, Chief Judge.]

Indictment [against Henry Porte] upon the Maryland statute of 1793 (chapter 35) for stealing bank-notes, charging the prisoner with stealing the "notes of some bank established by a charter from the government of the United States or of some individual state of the United States."

Mr. Morsell, for the prisoner prayed the court to instruct the jury that they must be satisfied, by the evidence, that the notes were of some bank having a charter from the United States, or from some particular state; that the act of incorporation, or charter of such bank must be produced properly authenticated; and that the statute-book is not sufficient evidence of a private statute.

Mr. Jones, for the United States, admitted that the jury must be satisfied by the evidence that the notes stolen were the notes of some bank incorporated, &c., but contended that, as in this country charters could only be granted by a legislative act, they were public laws, of which the courts were bound to take notice.

THE COURT (nem. con.) was of opinion that the supplementary act of April, 1792 (chapter 1), making it felony to steal the notes of the Bank of Baltimore, makes the original act of incorporation (Act 1790, c. 5) a public statute.

Verdict, guilty. But, upon motion, THE COURT arrested the judgment, because the indictment did not state of what particular bank the stolen notes were, nor whether the bank was incorporated by the United States, or by a particular state. DUCKETT, Circuit Judge, absent.

## Case No. 16,071.

UNITED STATES v. PORTER.

[Nowhere reported; opinion not now accessible.]

## Case No. 16,072.

UNITED STATES v. PORTER.

[2 Cranch, C. C. 60.] [1]

Circuit Court, District of Columbia. Dec. Term, 1812.

INDICTMENTS FOR MISDEMEANOR—COMPETENCY OF WITNESSES—BARRATRY—LIMITATION—INDICTABLE FRAUD—ATTORNEYS—DISBARMENT.

1. Two or more counts for misdemeanor may be joined in one indictment.

2. The person defrauded is a competent witness for the prosecution, upon an indictment for the fraud.

3. Upon an indictment for barratry, no evidence can be given of specific acts, without notice.

4. Notice given after the commencement of the trial, is too late.

5. A witness is incompetent, who has been convicted of a conspiracy to defraud the creditors of an insolvent debtor.

[Cited in dissenting opinion in Green v. Superior Court, 78 Cal. 566, 21 Pac. 541.]

[1] [Reported by Hon. William Cranch, Chief Judge.]